IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GUERRERO, et al., | CASE NO. CV F 08-1878 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 9.) |
| CITI RESIDENTIAL LENDING, INC., et al, | |
| Defendants. | |

## INTRODUCTION

Defendants[1] seek to dismiss as time barred and lacking necessary elements plaintiffs Martin Guerrero and Sara Guerrero's (collectively "plaintiffs'") rescission and damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Defendants further seek to dismiss plaintiffs' state law unfair competition claim as conclusory and unsubstantiated. Plaintiffs filed no timely papers to oppose dismissal of their claims. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the April 16, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action.

---

[1] Defendants are Citi Residential Lending, Inc. ("Citi"), U.S. Bank National Association as trustee of CitiGroup Mortgage Loan Trust Inc. ("US Bank"), and CR Title Services, Inc. ("CR Title") and will be referred to collectively as "defendants."

1

# BACKGROUND

## Plaintiffs' Home Loan And Default

Plaintiffs are married and on April 12, 2006 executed a $328,000 promissory note payable to Quick Loan Funding, Inc. to refinance their Newman, California residence ("property"). Plaintiffs executed a Deed of Trust ("DOT") to secure the loan with the property and which was recorded on April 21, 2006.[2] By a Substitution of Trustee recorded on November 25, 2008, CR Title substituted as trustee under the DOT. Pursuant to a July 21, 2008 Limited Power of Attorney between US Bank and Citi, Citi was appointed servicer for plaintiffs' loan. The DOT was assigned to US Bank as a trustee of CitiGroup Mortgage Loan Trust Inc.

Plaintiffs are in default on their loan and subject to foreclosure. Defendants note that they neither were involved in nor originated plaintiffs' loan in that: (1) US Bank was assigned the DOT more than two years after the DOT's origination; (2) Citi merely services, or collect payments for, the loan; and (3) CR Title merely is the foreclosure trustee and processes foreclosure documents.

## Plaintiffs' Claims

Plaintiffs filed this action on December 5, 2008 and appear to complain chiefly that loan disclosure documents failed to disclose "the true nature and cost" of plaintiffs' loan. Plaintiffs' complaint ("complaint") alleges:

1. A (first) TILA rescission cause of action that plaintiffs are entitled to rescind their loan for "failure to provide proper *material* disclosures";

2. A (second) TILA violation cause of action for damages arising from failure to make required TILA and Reg. Z disclosures; and

3. A (third) California Business and Professions Code, §§ 17200, et seq.,[3] cause of action that failure to deliver material TILA and Reg. Z disclosures constitutes unlawful and fraudulent business practices to violate the UCL.

The complaint seeks to rescind plaintiffs' loan, a return of plaintiffs' money or property, statutory

---

[2] All documents regarding plaintiffs' loan and default were recorded with the Stanislaus County Recorder.

[3] California Business and Professions Code, §§ 17200, et seq., will be referred to as "UCL" ["Unfair Competition Law"].

damages, an injunction of foreclosure, and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

Defendants seek F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' claims on grounds that they are insufficiently pled and time barred.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

3

S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los*

*Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan documents.

## **TILA Damages Claim**

### *Citi And CR Title*

Citi and CR Title argue that they are not liable for TILA damages in that they are not creditors under TILA or Reg. Z., were not involved in the origination of plaintiffs' loan, and are not linked to a TILA violation. As such, Citi and CR Title conclude they are not liable under the complaint's (second) TILA damages cause of action.

15 U.S.C. § 1641 addresses TILA liability for assignees of loans and provides in pertinent part:

(f) Treatment of servicer

(1) In general

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

15 U.S.C. § 1602(f) limits the term "creditor" to "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement."

Citi points out that it merely serviced plaintiffs' loan by collecting payments and thus is not a creditor subject to TILA liability. CR Title explains that as the DOT trustee, it is not a creditor, has never had a beneficial interest in the DOT, and does not extend consumer credit. An "ordinary trust deed conveys the legal title to the trustee only so far as may be necessary to the execution of the trust." *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973). A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt." *Lupertino*, 35 Cal.App.3d at 748, 111 Cal.Rptr. 112 (quoting *Bank of Italy etc. Assn. v. Bentley,* 217 Cal. 644, 656, 20 P.2d 940 (1933)). The California Court of Appeal has explained a deed of trust trustee's limited authority:

5

> The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal.App.4th 668, 677, 86 Cal.Rptr.2d 490.) Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." ( Id. at pp. 287-288, 216 Cal.Rptr. 438, 702 P.2d 596.)

*Heritage Oaks Partners v. First American Title Ins. Co.,* 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510 (2007).

Citi and CR Title demonstrate their lack of liability for TILA damages. This Court construes plaintiffs' lack of opposition as their concession that Citi and CR Tile are not liable for TILA damages. As such, dismissal of the (second) TILA damages cause of action against Citi and CR Title is appropriate.

### *Limitations Period*

Defendants contend that the complaint's (second) TILA damages cause of action is barred by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008).

Defendants contend that the limitations period started on April 12, 2006 when plaintiffs signed their loan documents and that a December 5, 2008 filing of the complaint renders their TILA damages claim untimely. Defendants point to *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

6

Defendants further argue that plaintiffs are not entitled to equitable tolling of the one-year limitations period in the absence of allegations that defendants actively mislead plaintiffs to lull plaintiffs to sit on their rights of redress. *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (no evidence suggested that lender concealed its alleged breach). Defendants note that alleged loan disclosure errors would have put "any reasonable person on notice" at the time of the April 12, 2006 loan closing. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Santa Maria*, 202 F.3d at 1178.

Nothing in the complaint hints that plaintiffs were prevented to compare their loan documents and disclosures with TILA statutory and regulatory requirements. Once again, this Court construes lack of timely opposition as plaintiffs' concession that their TILA damages claim is time barred to warrant dismissal of it. The complaint's face reveals as much.

**TILA Rescission**

*Citi And CR Title*

Citi and CR Title contend that they are not subject to the complaint's (first) TILA rescission cause of action in that they are neither the original creditor for plaintiffs' loan nor an assignee under the DOT. *See* 15 U.S.C. § 1641(f)(1). Under 15 U.S.C. § 1641(c), a "consumer who has the right to rescind a transaction under section 1635 of this title [15][4] may rescind the transaction as against any assignee

---

[4]   15 U.S.C. § 1635(a) addresses disclosure of right to rescind and provides:

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right

of the obligation." Citi and CR Title are correct that plaintiffs may not pursue TILA rescission relief as to them.

### *U.S. Bank*

Defendants argue that the complaint fails to establish a TILA rescission claim against U.S. Bank in the absence of inaccurate or ineffective disclosures. Defendants note that as a creditor assignee and substitute beneficiary under the DOT, U.S. Bank is subject to a TILA rescission claim "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Defendants fault the complaint's absence of attached "relevant disclosures suggesting any apparent violation on the face of any of the pertinent documents." Defendants note the complaint's allegation that plaintiffs received "Notices of Right to Cancel" and absence of facts "to establish any defects within those Notices."

Defendants correctly note the absence of sufficient allegations to pursue a TILA rescission claim against US Bank. Plaintiffs offer nothing to support their TILA rescission claim to warrant its dismissal.

### *Plaintiffs' Notice of Rescission And Failure To Offer To Tender*

The complaint notes that plaintiffs give "effective notice to rescind" their loan. Defendants characterize plaintiffs' rescission attempt as untimely and argue that the complaint fails to establish plaintiffs' proper notice of rescission.

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a). As defendants note, TILA rescission may be extended up to three years if a lender fails to comply with TILA disclosure requirements. *Semar*, 791 F.2d at 701-702; 15 U.S.C. § 1635.

Defendants fault plaintiffs' TILA rescission claim based on plaintiffs' inability to tender loan proceeds. The "voiding of a security interest may be judicially conditioned on debtor's tender of amount due under the loan." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

The complaint alleges that based on plaintiffs' exercise of their rescission right, defendants have

---

to rescind any transaction subject to this section.

20 days to "refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance."

15 U.S.C. § 1635(b) governs the return of money or property when a borrower exercises the right to rescind:

> . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

12 C.F.R. § 226.23(d) address rescission effects and provides:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the money or property to the creditor** or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation. (Bold added.)

Although 15 U.S.C. § 1635(b) "provides for immediate voiding of the security interest and return of the money within twenty days of the notice of rescission, we believe this assumes that the notice of rescission was proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007). The Ninth Circuit Court of Appeals has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission

9

obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming summary judgment for lender in absence of evidence that borrowers could refinance or sell property); *see American Mortgage*, 486 F.3d at 821 ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).[5]

The complaint alleges that the obligation within 20 days to "refund or credit the alleged account all monies paid" is a "condition precedent" to plaintiff's "duty to tender." The complaint's prayer seeks this Court's order that plaintiffs have no duty to tender if defendants "fail to further respond lawfully" to plaintiffs' "valid rescission notice." The prayer seeks an alternative order "for Defendants to accept tender on reasonable terms and over a reasonable period of time."

Plaintiffs fail to establish that their complaint is a timely, valid rescission notice. The complaint acknowledges plaintiffs' inability to tender the loan proceeds to entitle plaintiffs to rescission. "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage*, 486 F.3d at 820-821. Defendants raise a valid point that if plaintiffs were unable to make their mortgage payments, "what possible facts do they have to meet the requirement that they tender the net amounts advanced?"

---

[5] The Fourth Circuit Court of Appeals agrees with the Ninth Circuit that 15 U.S.C. § 1635(b) does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds:

Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers.

*Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976).

The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms plaintiffs' TILA rescission claim to warrant its dismissal.

### UCL Claim

Defendants attack the complaint's (third) UCL cause of action as conclusory and lacking sufficient specificity. Although defendants raise valid points, federal preemption is a more fundamental ground to dismiss the UCL claim.

"[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003). In *Silvas v. E*Trade Mortgage Corp.,* 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., preempted claims under the UCL if the UCL claims were predicated on TILA. *See Reyes v. Downey Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008). The court reasoned that "when federal law preempts a field, it does not leave room for the states to supplement it." *Silvas*, 421 F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). States may not avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*, 379 F.3d 641, 648-49 (9th Cir.2004). "Plaintiffs' use of the UCL as predicated on TILA is preempted." *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at *7 (E.D. Cal. 2008) ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted. Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

In addition, since plaintiffs' TILA damages claim is time barred, their UCL claim based on TILA violations likewise fails. "A court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'" *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000); *see Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on

1 | TILA likewise failed).

2 | The (third) UCL cause of action is premised on TILA and alleges that defendants' acts and practices violate TILA and Reg. Z. The UCL cause of action makes repeated references to TILA to render it preempted. The time bar of plaintiffs' TILA damages claim bolsters dismissal of their UCL claim to prevent circumvention on the one-year TILA limitations period.

Based on dismissal of plaintiffs' claims, this Court need not address defendants' request to strike the complaint's prayer to enjoin foreclosure of the property.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action; and
2. DIRECTS the clerk to enter judgment in favor of defendants Citi Residential Lending, Inc., U.S. Bank National Association as trustee of CitiGroup Mortgage Loan Trust Inc., and CR Title Services, Inc. and against plaintiffs Martin Guerrero and Sara Guerrero and FURTHER DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:** **April 3, 2009**          /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE